UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David D. Miller <br>     Debtor <br><br> Sun East Federal Credit Union, or its Successor or Assignee <br>     Movant <br> vs. <br><br> William C. Miller, Trustee <br> David D. Miller <br>     Respondents | Chapter 13 <br> Bankruptcy No. 16-12643-amc |

### SETTLEMENT STIPULATION

WHEREAS, on April 14, 2016, David D Miller (the "Debtor") filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania;

WHEREAS, on January 11, 2017, Sun East Federal Credit Union (Movant) filed a Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. Section 362(a) (the "Motion") regarding property located at : 18 Nicholas Court, Aston, Pennsylvania 19014;

WHEREAS, Movant and the Debtor are desirous of settling the dispute among and between themselves;

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed by and among counsel for Movant, by and through its attorneys, ANN E. SWARTZ, ESQUIRE, CELINE P. DERKRIKORIAN, ESQUIRE, and ALEXANDRA T. GARCIA, ESQUIRE and the Debtor, by and through his counsel, Brad J. Sadek, Esquire, ("Debtor's Counsel") as follows:

1.    The parties hereby certify that the post-petition delinquency is $5,247.92, consisting of post-petition payments for the months of November 1, 2016 through February 1, 2017. Debtor's monthly mortgage payment is $1,054.23. Movant has incurred attorney fees and

costs totaling $1,031.00.

2. On or before February 28, 2017, Debtor shall remit payment to Movant for the amount of $2,108.46. Said payment shall be applied towards the total post-petition delinquency referenced in Paragraph 1 in the amount of $5,247.92, causing a remaining delinquency in the amount of $3,139.46.

3. Beginning with the payment due March 1, 2017, Debtor shall pay the regular monthly mortgage payments in the amount of $1,054.23, plus the additional sum of $1,046.48 for a total payment of $2,100.71 per month, payable on the 1ST of each month, through and including May 1, 2017, or until the account is brought current post-petition.

4. All payments are to be made by certified check or money order and made payable to Midwest Loan Services, Inc. at the following address: Midwest Loan Services, 616 Shelden Avenue, Suite 300, Post Office Box 144, Houghton, MI 49931. Please remember to write your entire loan number on the lower left hand corner of your payment to ensure proper processing.

5. If the above payments are made as described, Debtor will resume making regular payments on June 1, 2017.

6. Should Debtor fail to comply with any of the terms of this Stipulation, including but not limited to, failure to make the above described payments, or any regular monthly mortgage payment commencing after the cure of the post-petition delinquency, then Movant may send Debtor and counsel a "one time" written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of the notice, counsel for Movant may file a Certification of Default with the Court. Said Certification of Default may include a certification of Debtor's failure to pay subsequent payments that fall due after the date of the notice of default. Upon Certification, the Court shall enter an Order granting relief from the automatic stay as to the mortgaged property. In the event that the default is cured as a result of the "one time" Notice of Default, and Debtor subsequently defaults in the future, Movant will file a Certification of

Default requesting the entry of its Order Granting Relief from Stay without sending a Notice of Default. Said Certification of Default may include a certification of Debtor's failure to pay subsequent payments that fall due after the date of the notice of default.

7. In the event an Order granting relief is entered, Parties agree that Rule 4001 (a)(3) is not applicable and Movant may immediately enforce and implement its Order granting relief from stay.

8. In the event the Debtor converts his/her case to Chapter 11, the terms of this Stipulation shall remain in full force and effect. In the event that Debtor converts his/her case to a Chapter 7, Debtor shall cure all pre-petition and post-petition arrears within ten (10) days of the date of conversion. Failure to cure the arrears shall constitute an event of default under this Stipulation and Movant may send Notice of Default and certify default as set forth in the preceding paragraph.

9. Attorney fees and costs for issuing Notice to Cure, Notice / Certificate / Affidavit of Default, and order for relief are recoverable and may be added to the arrearage.

10. Counsel for Debtor has authority to settle this matter on behalf of his/her clients.

MARISA J. COHEN, ESQUIRE
ANN E. SWARTZ, ESQUIRE
CELINE P. DERKRIKORIAN, ESQUIRE
ALEXANDRA T. GARCIA, ESQUIRE
McCabe, Weisberg & Conway, P.C.
Wells Fargo Bank Building
123 S. Broad Street, Suite 1400
Philadelphia, PA 19109
Attorney for Movant

3/6/17
Dated

Brad J. Sadek, Esquire
Sadek & Cooper
1315 Walnut Street
Suite 502
Philadelphia, Pennsylvania 19107

2/28/17
Dated